Deaderick, J.,
delivered the opinion of the court.
The bill in this case was filed in the Chancery Court of Humboldt, to enjoin the collection of several judgments of the Circuit Court of Gibson County, rendered against them as sureties of one Clark.
The chancery court at Humboldt has jurisdiction of only the 1st, 2d, 3d, 4th, 13th, 16th, 18th, and 20th civil districts of Gibson County.
The bill alleges that these judgments, which are in favor of different plaintiffs, were, as rendered by the circuit court, against Clark only, the judge refusing to give judgments against the sureties; and that, after the adjournment of the term of the court, the entries were fraudulently interlined, so as to convert them into judgments against the complainants also.
It is also alleged that there is a fund under the-control of the sheriff which should be applied to said judgments.
An injunction was prayed for, and issued; and, at the return term, the defendants demurred to the bill, and the court sustained the demurrer, dismissed the bill, and rendered a decree on the injunction bond for the amounts of the judgments enjoined, with costs. From this decree, complainants have appealed to this court.
Two grounds of demurrer are mainly relied upon here.
It is said that the bill is multifarious, containing *43 distinct causes of complaint against distinct parties, without community of interest.
But for the allegation that there is in the hands of the sheriff a fund applicable to the several judgments, this ground of demurrer would be well taken; but the bill shows that a negro was levied on for these debts, and that a fund arose from his hire, under the direction of the court, which should be applied toward their satisfaction, though it does not appear in what proportions, nor even what is the amount of the fund. But as this amount, whatever it be, should be credited on the judgments, the complainants might well unite in a bill to enforce this object.
The other ground of demurrer we think well taken; — that the bill does not show that the chancery court at Humboldt has jurisdiction of any of the defendants; , that all are shown to be residents of other counties than Gibson except McBLnight, the deputy sheriff, who is obliged to be a citizen of Gibson County, and that as to him there is no allegation, that he resides, or was temporarily, in any of the civil districts of Gibson County over which the chancery court at Humboldt has jurisdiction.
The bill should show that the court in which it is filed has jurisdiction of the cause; and whether the want of this jurisdiction appear from the absence of allegations necessary to show it, or from positive aver-ments directly negativing it, the objection may be made available by demurrer.
The bill, failing to show that any one of the defendants resided, ■ or was, within any of the civil dis *44 tricts over which the court had jurisdiction, upon which fact alone its jurisdiction could attach in this case, was in'operly dismissed upon demurrer.
But the Chancellor not only dismissed the bill, but also rendered a decree against the complainants and their sureties on the injunction bond, in favor of the several defendants, for the amounts of their respective judgments.
This was erroneous.
The bill was dismissed because the Chancellor had no jurisdiction of the cause. Therefore, he had no right to adjudicate the question of the liability of the complainants to the defendants, except as to the costs of the cause, for which he might render a decree against the complainants and their sureties upon the appeal bond.
The decree of the Chancellor, dismissing* the bill for want of jurisdiction, will be affirmed.
The decree here will be for the costs of this court and of the court below.*

Code, sec. 3215, provides: “ Where a suit is dismissed from any court for want of jurisdiction, &c., the costs shall be adjudged against the party attempting to institute, &c., the cause.”